The opinion of the court was delivered by
McEnery, J.
Wm. Harper was indicted by the Grand Jury of the Parish of Lincoln for violating a police jury ordinance prohibiting the sale of spirituous liquors within the limits of said parish.
*313 He filed a motion to quash the indictment on the following grounds:
1. That the indictment charged no crime, misdemeanor or offence under the laws of the State of Louisiana.
2. That the police jury was without power and authority to enact said ordinance, as no authority or power had been delegated to said police jury by the Legislature for such purpose.
■3. That said ordinance violated Art. 170 of theRtate Constitution.
Sec. 1 of-the ordinance prohibits the retail' of spirituous liquors within the limits of the parish of Lincoln.
Sec. 2 prohibits the taking of or negotiating of'orders for the^sale of intoxicating liquors.
Sec. 3 prohibits the sending of orders or messages, written or verbal, by mail or by wire, or in spoken words, within the limits of said parish for spirituous liquors in retail quantities'for another person than for the sender.
Sec. 4 prohibits the receiving or delivery of spirituous liquors in retail quantities within the limits of said parish.
Sec. 5 prohibits the business of ordering spirituous liquors within the limits of said parish.
Sec. 6 is as follows: “That any person who violates any portion of this ordinance shall be liable to criminal prosecution before the District Court, on an indictment by the grand jury, or on information filed by the District Attorney.”
Secs. 7 and 8 provide for a civil proceeding to recover a fine and forfeiture imposed, and authorizes the District Attorney to sue for the same, and by injunction to restrain violators of the ordinance.
Sec. 10 prohibits the sheriff and tax collector from issuing licenses for the retail of spirituous liquors for the year 1890.
-The indictment contains counts for the violation of the several sections of the ordinance.
The motion to quash was sustained, and the District Attorney appealed.
Por a reversal of the judgment, the District Attorney relies upon Secs. 1211-1214, Revised Statutes, Sec. 76 of 1884, and the' State vs. Bott, 31 An. 663.
Art. 170 of the State Constitution declares the sale of alcoholic liquors a police regulation, and confers upon the General Assembly the power to regulate their sale and use. Under this article there. *314 can be no question of the power of the General Assembly to delegate to the several police juries the right to regulate their sale and use, and for the Legislature to provide a uniform penalty for a violation of the regulations thus permitted to be enacted. So far the General Assembly has not passed any law conferring the full extent of this power upon the police juries of the several parishes, so as to authorize them to enact any regulations other than to prohibit the retailing of spirituous liquors.
Sec. 1211 of the Revised Statutes gives the police juries and the authorities of the towns and cities the exclusive power to make such laws and such regulations for the sale or prohibition of the sale of intoxicating liquors as they may deem advisable, and to withhold licenses from drinking shops and houses within their respective limits, as the majority of the legal voters may determine.
By Sec. 1212, the State relinquished all right to grant licenses when the local authorities had prohibited, under Sec. 1211, the sale of intoxicating liquors.
Sec. 1214 made it the duty of the several political subdivisions to carry out the object and purposes of the act.
Having conferred the power to grant or withhold licenses for the retail of intoxicating liquors, the Legislature then adopted Sec. 1215, which imposed a penalty of not less than $100 nor more than $500, .and, in default of payment, imprisonment for not less than fifteen ■days nor more than four months, for retailing spirituous liquors with■out a license from the local authorities.
'The police jury of Lincoln parish therefore under the grant of power already conferred by the Legislature, relating to the sale of intoxicating liquors, could only prohibit the sale of intoxicating liquors within the limits of the parish, in which case no State license could issue. And if any one then sold liquors in violation of the prohibition, he subjected himself to the penalty provided in Sec. 1215.
In the case of the State vs. Bott, 31 An. 665, which has since been (overruled in case of the State vs. Breaux, 33 An. 981, on the ground that the object of the statute had not been expressed in its title, the defendant was indicted for selling liquor on Sunday in violation of Act 84 of 1878. The act delegated full and plenary power to the police juries to make regulations for the sale of, or a prohibition of .the sale of, intoxicating liquors on Sunday, and it was made an *315 ■offence against the State for a violation of the ordinance passed in pursuance of said act. In Act No. 126 of 1885, and sections of the Revised Statutes referred to, there is an absence of such delegated power, and the police juries are without authority therefore to pass .an ordinance relating to the sale of intoxicating liquors by retail, which affixed a penalty for the violation of the same. The extent of the authority of the police jury of Lincoln went no further than to prohibit the sale of intoxicating liquors by retail, or the keep'ng of a grog or tippling shop.
Act 16 of 1884 does not enlarge or extend the power conferred by Act 126 of 1885.
We have referred to State vs. Bott for the purpose of showing that the act, as interpreted by the decision in that case, does not contain the position taken by the defendant’s attorney.
The ordinance creates offences not embodied in the criminal law of the State, and provides.a penalty for their commission, and directs a prosecution for their violation in the name of the State. The police jury evidently exceeded its authority and assumed functions not delegated to it, but belonging to the Legislature.
We do not intimate that the police juries are without power to enforce penalties for violation of ordinances passed in pursuance of the authority vested in them for local police purposes. The Legislature, in conferring certain powers on the police juries, relating to the sale of spirituous liquors, only conferred authority to prohibit, and the ■State reserved the right to prosecute where spirituous liquors were sold by retail without a license from the local authorities.
The count, in .the indictment against the defendant, that he “did wilfully retail spirituous liquors without previously obtaining licenses therefor from the police jury or any town or city authority,” was dismissed, and we have therefore been confined to a consideration only of those counts which charge a violation of the section of the ordinance referred_to. They are clearly null and void.
Judgment affirmed.